**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MICHELE DOMEK,<br>on behalf of herself and the class members<br>described below, | )<br>)<br>) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| MERCANTILE ADJUSTMENT BUREAU, LLC,<br>MAIN STREET ACQUISITION CORP., and<br>STONELEIGH RECOVERY ASSOCIATES,<br>LLC, | )<br>)<br>)<br>) |
| | ) |
| Defendants. | ) |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1.     Plaintiff Michele Domek brings this action to secure redress from unlawful

credit and collection practices engaged in by defendants Mercantile Adjustment Bureau, LLC, Main

Street Acquisition Corp., and Stoneleigh Recovery Associates, LLC.

2.     Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15

U.S.C.

§1692 et seq. ("FDCPA").

### VENUE AND JURISDICTION

3.     This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C.

§1331 and 28 U.S.C. §1337.

4.     Venue and personal jurisdiction in this District are proper because:

a.     Defendants' collection communications were received by plaintiff

within this District;

b.     Defendants do or transact business within this District.

### PARTIES

5.     Plaintiff Michele Domek is an individual who resides in the Northern

District of Illinois.

6.      Defendant Mercantile Adjustment Bureau, LLC is a limited liability
        company

with its principal place of business at 6390 Main Street, Suite 160, Williamsville, New York 14221.
It does business in Illinois.  Its registered agent and office is National Registered Agents, 200 W.
Adams, Chicago, IL  60606.

7.      Mercantile Adjustment Bureau, LLC is engaged in the business of using the
mails and telephone to collect consumer debts originally owed to others.

8.      Mercantile Adjustment Bureau, LLC is a debt collector as defined in the
FDCPA.

9.      Defendant Main Street Acquisition Corp. is a Nevada corporation with its
principal place of business located at 3715 DaVinci Court, Suite 200, Norcross, GA 30084.  It does
business in Illinois.  Its registered agent and office is Faxxon Legal Information Service, One West
Old State Capital Plaza, Suite 805, Springfield, IL 62701.

10.      Main Street Acquisition Corp. is engaged in the business of purchasing or
acquiring purported consumer debts originally owed by others, and attempting to collect them.

11.      Main Street Acquisition Corp. uses the mails and telephones in conducting
its business.

12.      Main Street Acquisition Corp. is a debt collector as defined in the
FDCPA.

13.      Defendant Stoneleigh Recovery Associates, LLC is a limited liability
company with offices at 810 Springer Drive, Lombard, IL 60148.  Its registered agent is Rudolph
E. Knepper at that address.

14.      Defendant Stoneleigh Recovery Associates, LLC  is engaged in the business
of using the mails and telephone to collect consumer debts originally owed to others.

15.      Defendant Stoneleigh Recovery Associates, LLC is a debt collector as

2

defined in the FDCPA.

## FACTS

16.    Defendants have been attempting to collect from plaintiffs an  alleged credit card debt incurred for personal, family or household purposes.

17.    The alleged debt was  discharged in bankruptcy (08 B 2883) on November 24, 2009.

18.    On July 8, 2010, defendant Mercantile Adjustment Bureau, LLC, acting on behalf of defendant Main Street Acquisition Corp., sent plaintiff Domek the letter attached as Exhibit A, seeking to collect the discharged debt.

19.    Exhibit A is the first letter that plaintiff received from Mercantile Adjustment Bureau, LLC, regarding the alleged debt.

20.    On information and belief, Exhibit A is a standard form document that is regularly used by Mercantile Adjustment Bureau, LLC, as the initial demand letter it sends to a consumer.

21.    Exhibit A states that "[t]he entire balance of 876.69 is due and payable."

22.    Exhibit A says nothing about the debt increasing as a result of the addition of
interest or other charges.

23.    Defendant Mercantile Adjustment Bureau, LLC also placed numerous telephone calls to plaintiff and her husband for the purpose of collecting the same debt.

24.    On September 28, 2010, a person using the name "Tamica" called from 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 and demanded that Plaintiff Domek pay the debt by September 30, 2010 or suit would be filed.

25.    The number 866-716-1544 is used by defendant Mercantile Adjustment Bureau, LLC.

26.    Plaintiff informed the callers that the debt had been discharged in

bankruptcy.

27.     No lawsuit was ever filed.

28.     Notice to Mercantile Adjustment Bureau, LLC is notice to Main Street Acquisition Corp.

29.     Instead of filing suit, Main Street Acquisition Corp. hired another collection agency, Stoneleigh Recovery Associates, LLC, to dun plaintiff for the same debt.

30.     On or about October 8, 2010, Stoneleigh Recovery Associates, LLC, acting on behalf of Main Street Acquisition Corp., sent plaintiff Domek the letter attached as <u>Exhibit B</u>.

31.     <u>Exhibit B</u> was the first letter plaintiff received from Stoneleigh Recovery Associates, LLC.

32.     On information and belief, <u>Exhibit B</u> is a form document used by Stoneleigh Recovery Associates, LLC as the initial demand which it sends to a consumer.

33.     <u>Exhibit B</u> states that the amount due is $949.47.

34.     The account numbers on <u>Exhibits A and B</u> are identical.  The two letters seek to collect the same alleged indebtedness.

35.     Neither letter stated that the amount of the debt might vary because of interest, late charges, or other fees and charges.

36.     Neither letter advised plaintiff of the right to obtain an exact, up to date number for the amount allegedly due.

37.     *Miller v. McCalla, Raymer, Patrick, Cobb, Nichols & Clark, LLC*, 214 F.3d 872, 876 (7th Cir. 2000), sets forth "the debt collector's duty to state the amount of the debt in cases like this where the amount varies from day to day."

38.     Plaintiff was annoyed and distressed by the communications.

### <u>COUNT I  – FDCPA  – CLASS CLAIM</u>

39.     Plaintiff incorporates paragraphs 1-38.

40.     This claim is against Mercantile Adjustment Bureau and Main Street

4

Acquisition Corporation.

41.     Defendants violated 15 U.S.C. §1692g, by failing to accurately state the amount of the alleged debt in Exhibit A.

42.     Section 1692g provides:

**§ 1692g.  Validation of debts**

**(a) Notice of debt; contents.  Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--**

**(1) the amount of the debt;**

**(2) the name of the creditor to whom the debt is owed;**

**(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**

**(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**

**(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.**

**(b) Disputed debts.  If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.**

**(c) Admission of liability.  The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.**

**(d) Legal pleadings.  A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a).**

**(e) Notice provisions.  The sending or delivery of any form or notice which does not relate to the collection of a debt and is expressly required by the Internal Revenue Code of 1986 [*26 USCS §§ 1* et seq.], title V of Gramm-Leach-Bliley Act [*15 USCS §§ 6801* et seq.], or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law, shall not be treated as an initial communication in connection with debt collection for purposes of this section.**

## CLASS ALLEGATIONS

43.     Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this action on behalf of a class and subclass.

44.     The class consists of (a) all natural persons with Illinois addresses (b) who were sent a letter in the form represented by Exhibit A (c) seeking to collect an alleged credit card debt (d) on or after a date one year prior to the filing of this action, and (e) on or before a date 20 days after the filing of this action.

45.     The subclass consists of class members whose letters were sent on behalf of Main Street Acquisition Corporation.

46.     The class members are so numerous that joinder is impracticable.  On information and belief, there are more than 50 members of the class and subclass.

47.      There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.  The predominant common question is whether Exhibit A violates the FDCPA.

48.     Plaintiff's claim is typical of the claims of the class members.  All are based on the same factual and legal theories.

49.     Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse

cases.

50.     A class action is superior to other alternative methods of adjudicating this dispute.   Individual cases are not economically feasible.   Many debtors may not realize that their rights are violated.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class members and against defendants for:

        (1)     Statutory damages;

        (2)     Attorney's fees, litigation expenses and costs of suit;

        (3)     Such other or further relief as the Court deems proper.

## COUNT II  – FDCPA  – CLASS CLAIM

51.     Plaintiff incorporates paragraphs 1-38.

52.     This claim is against Stoneleigh Recovery Associates, LLC and Main Street Acquisition Corporation.

53.     Defendants violated 15 U.S.C. §1692g, by failing to accurately state the amount of the alleged debt in Exhibit B.

54.     Section 1692g provides:

**§ 1692g.  Validation of debts**

**(a) Notice of debt; contents.  Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--**

    **(1) the amount of the debt;**

    **(2) the name of the creditor to whom the debt is owed;**

    **(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**

    **(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such**

7

verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(b) Disputed debts. If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

(c) Admission of liability. The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.

(d) Legal pleadings. A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a).

(e) Notice provisions. The sending or delivery of any form or notice which does not relate to the collection of a debt and is expressly required by the Internal Revenue Code of 1986 [*26 USCS §§ 1* et seq.], title V of Gramm-Leach-Bliley Act [*15 USCS §§ 6801* et seq.], or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law, shall not be treated as an initial communication in connection with debt collection for purposes of this section.

## CLASS ALLEGATIONS

55. Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this action on behalf of a class and subclass.

56. The class consists of (a) all natural persons with Illinois addresses (b) who were sent a letter in the form represented by Exhibit B (c) seeking to collect an alleged credit card debt (d) on or after a date one year prior to the filing of this action, and (e) on or before a date 20

days after the filing of this action.

57.    The subclass consists of class members whose letters were sent on behalf of Main Street Acquisition Corporation.

58.    The class members are so numerous that joinder is impracticable.  On information and belief, there are more than 50 members of the class and subclass.

59.     There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.  The predominant common question is whether Exhibit B violates the FDCPA.

60.    Plaintiff's claim is typical of the claims of the class members.  All are based on the same factual and legal theories.

61.    Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

62.    A class action is superior to other alternative methods of adjudicating this dispute.   Individual cases are not economically feasible.   Many debtors may not realize that their rights are violated.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class members and against defendants for:

(1)    Statutory damages;

(2)    Attorney's fees, litigation expenses and costs of suit;

(3)    Such other or further relief as the Court deems proper.

## COUNT III  – FDCPA  – INDIVIDUAL CLAIM

63.    Plaintiff incorporates paragraphs 1-38.

64.    This claim is against defendants Mercantile Adjustment Bureau and Main Street Acquisition.

65.    Defendants' attempts to collect a discharged debt violated 15 U.S.C.

9

§§1692e, 1692e(2), 1692e(5) and 1692e(10).

        66.    Section 1692e provides:

        **§ 1692e.**        **False or misleading representations [Section 807 of P.L.]**

        **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

        **(2)**        **The false representation of–**

        **(A)**        **the character, amount, or legal status of any debt; . . .**

        **(5)**        **The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**

        **(10)**        **The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

        WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendants for:

        (1)        Statutory and actual damages;

        (2)        Attorney's fees, litigation expenses and costs of suit;

        (3)        Such other and further relief as the Court deems proper.

        s/ Daniel A. Edelman
        Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Zachary A. Jacobs
EDELMAN, COMBS, LATTURNER
& GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## <u>NOTICE OF LIEN AND ASSIGNMENT</u>

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.


<u>s/ Daniel A. Edelman</u>
Daniel A. Edelman