# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon J. Coleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 8239 | **DATE** | 5/3/2011 |
| **CASE TITLE** | Michele Domek vs. Mercantile Adjustment Bureau, LLC et al. | | |

**DOCKET ENTRY TEXT**

Defendant Stoneleigh Recovery Associates LLC ("Stoneleigh") moves to dismiss Count II of plaintiff's complaint [24] pursuant to Rule 12(b)(6) for failing to state a claim. For the reasons that follow, defendant Stoneleigh's motion is denied.

■[ For further details see text below.]

Docketing to mail notices.

# STATEMENT

**Background**

Plaintiff's complaint against three collection agencies alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. In Count II of her complaint, plaintiff alleges that Stoneleigh violated section 1692g (a)(1) by sending a collection letter that failed to properly state the "amount of the debt" by failing to warn plaintiff that the amount of the debt might vary because of interest, late charges, or other fees and that plaintiff had the right to obtain an exact and current amount allegedly due. Defendant Stoneleigh asserts that plaintiff fails to state a claim because the letter complied with the Fair Debt Collection Practices Act by stating the total balance due as of the date of the letter.

**Legal Standard**

Motions to dismiss pursuant to Rule 12(b)(6) challenge the sufficiency of the complaint. Fed. R. Civ. P. 12(b)(6). When determining whether to dismiss a complaint for failing to state a claim, district court must accept as true all well-pleaded allegations (Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 549, 127 S. Ct. 1955, 167 L.Ed. 2d 929 (2007)), and draw all reasonable inferences in favor of the nonmoving party. Pisciotta v. Old Nat. Bancorp, 499 F.3d 629, 633 (7th Cir. 2007). In order to survive a motion to dismiss, the pleader must show that it plausible, rather than merely speculative, that he is entitled to relief. INEOS Polymers, Inc. v. BASF Catalysts, 553 F. 3d 491, 497 (7th Cir. 2009).

**Discussion**

Section 1692g (a) of the Fair Debt Collection Practices Act provides the notice requirements for debt collection and provides in relevant part:

> "Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained int eh initial communication or the consumer has paid the debt, send the consumer a written notice containing – (1) the amount of the debt[.]" 15 U.S.C. 1692g (a)(1).

| STATEMENT |
|---|

"The Act regulates the debt collection tactics employed against personal borrowers on the theory that they are likely to be unsophisticated about debt collection and thus prey to unscrupulous collection methods." Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, and Clark, 214 F. 3d 872, 875 (7th Cir. 2000). In Miller, the Seventh Circuit found that section 1692g (a)(1) requires a dunning letter to state the total amount due on the date the letter was sent. Id. In that case, the court suggested a "safe harbor" formula for complying with the statute. The court held that the following language satisfies the debt collector's duty to state the amount of the debt in cases where the amount varies from day to day: "As of the date of this letter, you owe $ [the exact amount due]. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call 1-800-[phone number]." Id. at 876. However, the court made clear that it did not hold that a debt collector must use this precise form in order to avoid violating the statute. Id.

     In the instant case, the letter allegedly sent by Stoneleigh is dated October 8, 2010 and lists the amount due as $949.47. However, there is no indication from the face of the letter that the amount due was as of the date on the letter or is subject to any other charges and fees. The letter also does not indicate that $949.47 is the total amount due. Plaintiff attached two letters to the complaint, the second one was from Stoneleigh and the first was from Mercantile Adjustment Bureau. Plaintiff alleges that the two letters purportedly seek to collect the same indebtedness, however, the amount due is different. Yet, neither letter indicates whether it is the total amount due or is subject to other charges. Although the letter is dated and it lists an amount due, it provides no correlation between the date and the amount due. An unsophisticated consumer could reasonably wonder how a letter purportedly seeking to collect the same debt is for a different amount. Such a consumer could also assume from the letter that $949.47 would satisfy the debt, whether or not payment of that amount would in fact satisfy the debt. A dunning letters have been found to be deceptive or misleading where it "leaves the door open" to an inaccurate assumption about the debt or is susceptible to two different interpretations, one of which is inaccurate. See Fields v. Wilbur Law Firm, P.C.. 383 F. 3d 562, 566 (7th Cir. 2004); See also Russell v. Equifax, 74 F.3d 30, 35 (2d Cir. 1996); Ingram v. Corporate Receivables, Inc., No. 02 C 6608, 2003 U.S. Dist. LEXIS 7475 (N.D. Ill. May 2, 2003).

     While this Court does not express an opinion as to plaintiff's ability to prove her claim, this Court does find that plaintiff has stated a claim for relief concerning Stoneleigh's compliance with section 1692g(a)(1). Therefore, defendant Stoneleigh's motion to dismiss Count II of the complaint is denied.